**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **ROY F.  WILLIAMS,** | |
| **Plaintiff,** | **Civil Action No. 3:11-cv-374** |
| **v.** | **COMPLAINT** |
| **KENNY CHARLES E.  HABUL and CORNELIUS ONE, LLC,** | |
| **Defendants.** | |

Plaintiff alleges:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Roy F. Williams is a resident of Florida.

2.      Defendant Kenny Charles E. Habul is, upon information and belief, a resident of Iredell County, North Carolina.

3.      Defendant Cornelius One, LLC is a manager-managed North Carolina limited liability company with its principal place of business in Iredell County, North Carolina.

4.      This Court has federal question subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, on the ground that this action arises under the laws of the United States, in that it alleges securities fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) on the grounds that the Defendants all reside in the State of North Carolina and this district, and that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS COMMON TO ALL CLAIMS

6.      Williams was introduced to Habul through a common acquaintance interested in a Mecklenburg County real estate development project purportedly planned by Habul, under the name Cornelius One.

7.      Cornelius One, as touted by Habul, was to be a "green" commercial office building on West Catawba Avenue in Cornelius, North Carolina.

8.      Williams became involved as a potential source of funding for the purchase of an interest in the project.

9.      In the course of promoting the sale of an interest in the project to Williams and the prospective co-investor, in approximately November and/or December 2009, Habul made all of the following representations to Williams:

     a)      He did not need any investor or source of additional financing, but was willing to accept an investment by Williams and the co-investor as an accommodation to the co-investor and his family;

     b)      The Cornelius One building project was fully financed and permitted and ready to build and would include cutting-edge "green" technology, including solar energy;

     c)      The building would be worth $12 million and include 35,000 square feet;

     d)      Habul had already lined up more leases than he needed to proceed; and

     e)      He would sell a 10% interest in the project -- which would be worth $1.2 million -- for $300,000 invested.

10.      These representations were intentional lies.  In fact, upon information and belief, Habul had paid almost $2.1 million for the acquisition of property, in October 2007, on which he had intended to build Cornelius One, incurring acquisition indebtedness of at least $1.43 million.

Habul had, upon information and belief, very limited personal resources and other funds from which to service and repay the debt. Furthermore, Habul was hard-pressed by creditors in connection with other business ventures as well, and intended to use Williams' money for purposes unrelated to building Cornelius One.

11.     Upon information and belief, the construction of Cornelius One was not fully financed or permitted and not ready to build, which Habul omitted to disclose.

12.     Upon information and belief, Habul did not have lease commitments that would have enabled him to proceed, which Habul omitted to disclose.

13.     Upon information and belief, Habul knew that there was no reasonable prospect of proceeding with construction of Cornelius One, which Habul omitted to disclose.

14.     Habul's misrepresentations and omissions to disclose were material to Williams' decision whether to invest.

15.     Williams actually and reasonably relied upon Habul's misrepresentations and omissions to disclose in deciding to invest.

16.     Williams invested $300,000, in exchange for which Habul purported to issue to Williams and the co-investor certificates of member interest in Cornelius One, LLC.

17.     Habul formed Cornelius One, LLC specifically for this purpose in December 2009. The entity had no stake in the property held for the Cornelius One development, which was owned by Group Three Holdings, LLC and by Greenbay Electronics, other LLCs that Habul formed. Upon information and belief, neither Cornelius One nor Greenbay Electronics ever carried on any business activity. Habul omitted to disclose these facts to Williams.

3

18.     Nevertheless, in December 2009, Habul established a bank account in the name of Cornelius One into which he received $300,000 via wire transfer from Williams in exchange for the sham member interest certificates in Cornelius One, LLC.

19.     Habul thereafter used Williams' $300,000, but claims to be unable to recall how it was used.  The ready inference is that Habul converted Williams' $300,000 to his own purposes.

20.     After taking Williams' $300,000, Habul took no step toward constructing the Cornelius One building, instead defaulting upon the debt on the property held for the development, leading to the property's foreclosure, which is pending.

21.     In issuing the membership interest certificates and receiving Williams' money, Habul acted as servant to Cornelius One, such that his actions and intent are imputed to it.

22.     The claims asserted below were within the scope of a settlement agreement entered into between the parties, dated February 16, 2011 (the "Settlement Agreement"), arising from prior litigation in the Superior Court for Mecklenburg County, North Carolina, captioned *Roy F. Williams v. Kenny Charles E. Habul et al.*, Civil Action No. 11-CVS-1050. Notwithstanding the settlement agreement, Williams is entitled to pursue the below claims because Defendants have committed multiple, material breaches of the Settlement Agreement, including without limitation the following:

        a)     Defendant Habul has failed to cause the monthly revenues of SunEnergy1-Asheville, LLC (a North Carolina limited liability company) to be escrowed as required by the Settlement Agreement in Section 7(a); and

        b)     Defendant Habul has failed to cause SunEnergy 1 (also a North Carolina limited liability company) to employ Stepan Groninger as required by Section 8.

4

## FIRST CLAIM FOR RELIEF
### (Federal Securities Fraud)

23.     The foregoing claim is incorporated herein by reference.

24.     The LLC member interest offered and sold to Williams was a security within the meaning of the Securities and Exchange Act of 1934 because Cornelius One was under Habul's management, and Williams never anticipated having an active management role.

25.     Habul's and Cornelius One, LLC's sale of an LLC member interest to Williams constituted federal securities fraud in that it was the sale of securities by means of untrue statements of material fact and omissions to state material facts necessary to make statements made, in light of the circumstances under which they were made, not misleading, in violation of SEC Rule 10b-5, 17 CFR § 240.10b-5, promulgated under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(b).

26.     Habul's lies and omissions to disclose caused Williams to invest and caused the entire loss of his $300,000 investment.

27.     Williams is entitled to recover from Habul and Cornelius One, jointly and severally, his lost $300,000 investment.

## SECOND CLAIM FOR RELIEF
### (North Carolina Securities Fraud)

28.     The foregoing claim is incorporated by reference.

29.     For the same reasons that the LLC member interest sold to Williams was a security under the Securities Exchange Act of 1934, it also was a security under the North Carolina Securities Act, N.C. Gen. Stat. § 78A-2(11).

30.     Habul's and Cornelius One, LLC's sale of an LLC member interest to Williams also constituted securities fraud under the North Carolina Securities Act, N.C. Gen. Stat. § 78A-

5

56(a)(2), which independently prohibits the sale of securities by means of untrue statements of material fact and omissions to state material facts necessary to make statements made, in light of the circumstances under which they were made, not misleading.

31.     Williams is entitled to recover from Habul and Cornelius One, jointly and severally, his actual damages of $300,000, which reflect the dead loss of his investment in the sham securities.

32.     Habul's misrepresentations and omissions to disclose were intentional, such that Williams is entitled to recover punitive damages pursuant to North Carolina General Statutes Chapter 1D.

33.     Williams also is entitled to recover attorney's fees pursuant to N.C. Gen. Stat. § 78A-56(a).

## THIRD CLAIM FOR RELIEF
### (Derivative Recovery for Cornelius One, LLC)

34.     The foregoing claim is incorporated herein by reference.

35.     The $300,000 that Habul siphoned from Cornelius One after receiving it from Williams is recoverable by Cornelius One from Habul on theories of breach of fiduciary duty, waste, civil remedy for embezzlement (N.C. Gen. Stat. § 1-538.2), unlawful distribution (*id.* § 57C-4-06), and conversion.

36.     Williams is entitled to pursue derivatively Cornelius One's claim(s) against Habul under N.C. Gen. Stat. § 57C-8-01 on the grounds that:

   a)     he lacks authority to cause the company to sue in its own right;

   b)     he was a member of each at the time of Habul's stealing of this money; and

6

c) demand upon Cornelius One is excused as futile because the agreement of Habul, the thief, would be required for Cornelius One to take action directly.

37.     Williams is, accordingly, entitled to recover actual and punitive damages, in excess of $10,000, and attorneys' fees (pursuant to N.C. Gen. Stat. §§ 1-538.2, 57C-8-01(e)) against Habul, for the benefit of Cornelius One.

38.     Williams further is entitled to the appointment of a receiver or other equitable relief to prevent Habul's participation in the proceeds of any recovery.

## DEMAND FOR RELIEF

WHEREFORE, Williams demands:

1.     Judgment against Habul and Cornelius One in the amount of $300,000, plus punitive damages and reasonable attorney's fees;

2.     Appointment of a receiver for Cornelius One and/or other equitable relief to ensure proper disposition of the recovery;

3.     Costs, including attorney's fees;

4.     Jury trial; and

5.     All other relief to which he is entitled.

This 1st day of August, 2011.

/s/ J. Daniel Bishop (N.C. State Bar No. 17333)
BISHOP, CAPITANO & MOSS, P.A.
4521 Sharon Road, Suite 350
Charlotte, North Carolina  28211
Telephone:  (704) 716-1200
Fax:  (704) 716-1201
E-mail:  Dbishop@bcandm.com

Attorney for Plaintiff Roy F. Williams