IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv374-MOC-DSC

| ROY F. WILLIAMS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | ORDER ADOPTING |
| | ) | RECOMMENDATION |
| KENNY CHARLES E. HABUL | ) | OF MAGISTRATE JUDGE |
| AND CORNELIUS ONE, LLC, | ) | IN PART |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation [docket #16] by the Honorable David S. Cayer, United States Magistrate Judge, recommending that the court grant defendants' motion to dismiss [docket #7] plaintiff's complaint. Plaintiff has filed an objection to the recommendation [docket # 17].

### FINDINGS AND CONCLUSIONS

**I. Applicable Standard**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal

issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

## II. Background Facts

The court begins its discussion with a recitation of background facts leading to this lawsuit, as set forth below.

### A. The State Court Lawsuit

In January 2011, plaintiff filed a First Amended Complaint in the North Carolina Business Court in Mecklenburg County, North Carolina, bringing claims against Kenny Charles E. Habul, Cornelius One, LLC, and other defendants alleging, among other things, securities fraud after defendants allegedly sold plaintiff sham securities. Plaintiff essentially alleged in the state court complaint that defendants defrauded plaintiff by talking him into investing in an environmentally friendly, or

"green," commercial office building. Plaintiff alleged in the state court action, among other things, that defendants swindled him out of $300,000 and that defendant Kenny Habul used plaintiff's money for his own personal use.

On February 16, 2011, the parties entered into a Settlement Agreement and Release, under which plaintiff agreed to dismiss the lawsuit after receiving a settlement payment from Habul. Specifically, Paragraph 5 of the Settlement Agreement states, "Within 5 business days after Williams receives the full Payment, Williams *shall dismiss* the Civil Action with prejudice by filing a Notice of Dismissal with Prejudice." Moreover, Paragraph 9 of the Settlement Agreement states that plaintiff agreed to a release of all claims against all defendants, effectively immediately upon his receipt of payment.

On March 18, 2011, after receiving the settlement payment from Habul, plaintiff filed a motion to enforce certain provisions of the Settlement Agreement. On April 4, 2011, defendants asked the Business Court to require plaintiff to comply with the terms of the Settlement Agreement and dismiss the complaint with prejudice. Defendants contended that plaintiff should have voluntarily dismissed the lawsuit by March 11, 2011.

On June 15, 2011, the Business Court denied plaintiff's motion to enforce the settlement agreement and granted defendants' cross-motion to enforce the Settlement

Agreement. The Business Court entered the following order:

> The plain language of Paragraph 5 [of the settlement agreement] unambiguously requires Plaintiff to file a Notice of Dismissal with Prejudice within five business days after receiving full payment. Plaintiff received full payment from Defendants in March 2011. Plaintiff has represented to the Court his willingness to file the Notice of Dismissal with Prejudice called for in Paragraph 5 of the Settlement Agreement but for the Defendants' alleged breach. The Court having resolved this matter against Plaintiff and in favor of Defendants, Plaintiff shall, therefore, file a Notice of Dismissal with Prejudice as provided in the Settlement Agreement within five (5) business days of the entry of this Order.

(*See* Order, p.4, *Williams v. Habul*, 11 CVS 1050 (Mecklenburg Cnty. Sup. Ct. June 15, 2011) (omitting citations)). Plaintiff refused to dismiss the case and on June 24, 2011, he appealed the June 15, 2011, Order to the North Carolina Court of Appeals, where the matter is pending. (*See Williams v. Habul*, No. 11-1126, N.C. Ct. App.)

### B. Plaintiff's Lawsuit in This Court

On August 1, 2011, filed this lawsuit. Plaintiff's complaint alleges that defendants breached the Settlement Agreement in the state court lawsuit, and he has reasserted the same claims as in the state court against defendants Habul and Cornelius One, LLC. That is, plaintiff brings the following three claims in this lawsuit: (1) securities fraud under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78(b); (2) securities fraud under the North Carolina Securities Act, N.C. GEN. STAT. § 78A-2(11); and (3) "Derivative Recovery for Cornelius One,

LLC."[1]  On August 24, 2011, defendants filed a motion to dismiss plaintiff's complaint.  On October 21, 2011, Judge Cayer entered an M&R, recommending that this court dismiss plaintiff's complaint with prejudice.  In the M&R, Judge Cayer found that, by signing the Settlement Agreement, plaintiff released the claims he asserts in this lawsuit and, therefore, his claims should be dismissed on the merits. (M&R, p. 6.)

On November 7, 2011, plaintiff filed an objection to the magistrate judge's M&R. Plaintiff objects to the magistrate judge's M&R on the following two grounds: (1) plaintiff contends that the M&R disregards explicit language in the settlement language declaring all of the covenants to be mutually dependent and misapprehends the purpose of the language deferring effective of the release; and (2) plaintiff contends that the M&R overlooks the fact that at least one of defendants' breaches existed *before* the payment condition was satisfied, giving rise to an additional, constructive condition upon the release that was not met.

The court agrees with the magistrate judge that this matter should be dismissed. The court differs with the magistrate judge, however, as to the grounds for dismissal. As noted, the magistrate judge found that the complaint should be dismissed on the merits because, by entering into the Settlement Agreement, plaintiff released all

---

[1] Plaintiff does *not* bring a claim for breach of the Settlement Agreement itself.

claims against defendants. This court has no doubt that the magistrate judge correctly interpreted the Settlement Agreement, and the court appreciates the thoughtful and sound analysis of the magistrate judge. The court finds that this matter must be dismissed, however, for lack of jurisdiction as barred by the principle of res judicata and/or the abstention doctrine under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

First, the doctrine of res judicata, or claim preclusion, bars plaintiff from bringing his claims here. Under 28 U.S.C. § 1738, known as the Full Faith and Credit Statute, federal courts must give the same preclusive effect to a state court judgment as another court of that state would give. 28 U.S.C. § 1738. Under North Carolina law "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986). Under claim preclusion, parties are barred "from retrying fully litigated issues that were decided in any prior determination, even where the claims asserted are not the same." *McCallum v. N.C. Coop. Extension Serv.*, 142 N.C. App. 48, 51, 542 S.E.2d 227, 231 (2001). A party may not avoid the application of claim preclusion merely by "shifting legal theories or asserting a new or different ground for relief." *Nw. Fin. Group v. County of*

*Gaston*, 110 N.C. App. 531, 538, 430 S.E.2d 689, 694 (1993).

Here, plaintiff would clearly be barred from bringing a new lawsuit in the North Carolina state courts after a North Carolina state court has already found that plaintiff's claims must be dismissed as a result of plaintiff's release of those claims under the Settlement Agreement. Under the Full Faith and Credit Statute, plaintiff clearly cannot do in this court what he could not do in state court. For this reason alone, plaintiff's complaint must be dismissed as barred by res judicata.

Furthermore, to the extent that plaintiff has appealed the June 15, 2011, Order of the state court, the state court proceedings are still ongoing. Thus, it appears that this case is rife for abstention under the principles announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In *Colorado River*, the Supreme Court held that where there are pending parallel proceedings in federal and state court involving the same parties and issues, the federal district court may dismiss the federal action in favor of the state-court litigation.[2] *Id.* Here, the issues in this lawsuit overlap with the issues in plaintiff's state court appeal of the Business Court's Order. That is, plaintiff purports in this lawsuit that he has the right

---

[2] In determining whether abstention is appropriate under *Colorado River*, the district court considers the following six factors: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties. *Chase Brexton Health Servs., Inc. v. Md.*, 411 F.3d 457, 463-64 (4th Cir. 2005).

to reassert, and he does reassert, the same securities fraud claims against defendants here that he asserted in the state court action. Furthermore, in the ongoing state court action, plaintiff has appealed the Business Court's Order indicating that plaintiff was required to dismiss his claims in that action, including the securities fraud claims, because as a matter of law he released his right to bring those claims when he signed the Settlement Agreement. In sum, there are clearly overlapping issues in the state and federal actions, with the potential for conflicting rulings. Therefore, in addition to finding that this action is barred by res judicata, the court also finds that abstention is proper under *Colorado River*.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [docket ##16] is **ADOPTED** in part. That is, the court agrees with the magistrate judge that plaintiff's complaint should be dismissed with prejudice. The court does not adopt, however, the magistrate's grounds for recommending dismissal of the action. That is, the court is barred from reaching the merits of plaintiff's action in this case because plaintiff's action is barred by res judicata and abstention is proper under *Colorado River*.

For the reasons stated herein, it is **HEREBY ORDERED** that defendants' motion to dismiss [docket #7] is **GRANTED** and this action is **DISMISSED** with

prejudice.

Signed: December 2, 2011

Max O. Cogburn Jr.
United States District Judge